# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 778 | **DATE** | 2/17/2011 |
| **CASE TITLE** | Adamore vs. Wallace | | |

**DOCKET ENTRY TEXT**

Plaintiff Lorraine Adamore's Motion to Proceed *In Forma Pauperis* is **denied** [3], and her case is **dismissed** for failure to state a claim.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

     Plaintiff has filed a Complaint against three Defendants—Dr. Lance Wallace, Well Group, and Advocate South Suburban Hospital—which appears to allege medical negligence, wrongful death, discrimination, and Medicare fraud [1]. The Complaint involves the medical care provided to Bernice Adamore, who died in 2010 as a resident of Illinois. Lorraine Adamore, who resides in Houston, Texas, has filed the lawsuit pro se as a representative of Bernice's estate.

     To authorize Adamore to proceed *in forma pauperis*, the Court must make two determinations: (1) whether Adamore cannot pay the costs of the case; and (2) whether the case is frivolous or in bad faith. 28 U.S.C. § 1915(a). To prevent abuse of the *in forma pauperis* procedure, a district court has the power to dismiss a frivolous or malicious case, or one that fails to state a claim on which relief may be granted. *Id*. § 1915(e)(2)(B). The Court uses a less stringent standard in determining if a pro se litigant has sufficiently pled pauper status. *See Haines v. Kenner*, 404 U.S. 519, 520 (1972).

     Plaintiff titles her case as one that includes federal claims for discrimination and Medicare fraud, but no allegations of either claim appear anywhere in her Complaint. Even read liberally considering that it was filed by a pro se litigant, the Complaint does not provide Defendants any notice of the grounds upon which Plaintiff bases her federal claims. The discrimination claim fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a); likewise, the Medicare fraud claim does not meet the heightened pleading requirements of Rule 9(b). *See United States ex rel. Kennedy v. Aventis Pharm., Inc*., 512 F. Supp. 2d 1158, 1167 (N.D. Ill. 2007). Plaintiff has failed to state a federal claim upon which relief may be granted.

     Moving to the state law claims, complete diversity must exist between the parties for this Court to have jurisdiction over the case. 28 U.S.C. § 1332. Under the federal diversity statute, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." *Id*. at § 1332(c)(2); *see also Curry v. Advocate Bethany Hosp*., 353 Fed. Appx. 88, 89 n.3 (7th Cir. 2009). Therefore, Lorraine is considered a citizen of Illinois for the purposes of the claims made on behalf of Bernice. This

| STATEMENT |
|---|
| destroys the diversity required for this Court to have jurisdiction over the Illinois state law negligence and wrongful death claims. In addition, without the corresponding federal claims, the court will not exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c). Therefore, Plaintiff's Motion to Proceed *In Forma Pauperis* is denied [3], and her case is dismissed as it fails to state a claim on which relief may be granted. |